IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAUL EZRA RHOADES, ) | |
| ) | Case No. CV 93-0155-S-EJL |
| Petitioner, ) | (Bingham County) |
| ) | |
| v. ) | **CAPITAL CASE** |
| ) | |
| A.J. ARAVE, Warden, ) | **MEMORANDUM ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

On April 10, 1997, the Court dismissed several claims in this capital habeas matter as procedurally defaulted. (Docket No. 149.) In that same order, the Court also dismissed some claims as lacking in merit. (Docket No. 149, p. 41.) On May 24, 2007, the Court denied relief on the remaining claims and entered judgment dismissing the cause of action with prejudice. (Docket Nos. 383 & 384.) Currently before the Court are Petitioner's motions to alter, amend, or reconsider those decisions. (Docket Nos. 385 & 387.)

**I.**

**STANDARD OF LAW**

Although a district court has considerable discretion whether to grant a motion to reconsider a final judgment under Rule 59(e) of the Federal Rules of Civil Procedure, the Rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

**ORDER - 1**

A losing party cannot use a Rule 59(e) motion to relitigate old matters or to raise arguments that could have been raised before the entry of judgment. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Therefore, a motion for reconsideration should be granted only when the initial decision of the court was manifestly unjust or clearly in error, the moving party presents newly discovered or previously unavailable evidence, or there is an intervening change in the controlling law. *Turner v. Burlington North. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

## II.

### MOTION TO RECONSIDER THE PROCEDURAL DEFAULT ORDER

Over ten years ago, the Court determined that several of Petitioner's habeas claims had not been fairly presented to the Idaho Supreme Court and were procedurally defaulted under Idaho Code § 19-2719(5). Those claims were dismissed with prejudice. (Docket No. 149, p. 41.)

In his current motion to reconsider that decision, Petitioner argues that Idaho Code § 19-2719(5) violates his right to due process of law, has been inconsistently applied, and is inadequate to prevent federal review on the merits. (Docket No. 390, pp. 1-3.) This is the nearly the same argument that Petitioner made prior to the Court's initial decision (Docket No. 132, pp. 11-12), but to the extent that it may contain new elements, it should have been asserted long before now. Furthermore, the Court has already addressed the merits of Petitioner's argument that Idaho Code § 19-2719 violates his right to due process. (Docket No. 383, pp. 43-45.) Petitioner has not given the Court any persuasive reason to reconsider

**ORDER - 2**

its decision, and his motion shall be denied.

## III.

## MOTION TO ALTER OR AMEND

## THE MEMORANDUM DECISION AND JUDGMENT

Petitioner has also moved the Court to alter or amend its memorandum decision on the merits with respect to Claims 2, 9, 21, and 27. This motion shall likewise be denied.

1. <u>The Kevin Buchholz Evidence</u>

In Claim 2, Petitioner alleged that his right to due process of law was violated, in part, because the State failed to disclose exculpatory evidence related to Kevin Buchholz's claim of responsibility for the murder of Stacy Baldwin. The Court denied relief on the following grounds: (1) the State did not suppress or withhold the essential facts surrounding Buchholz's "confession"; (2) Petitioner had not shown how Buchholz's alleged "personality disorder" and criminal history would have been admissible or would have led to admissible evidence; (3) Petitioner had not demonstrated that disclosure of these items would have prompted defense counsel to engage in a more vigorous pursuit to find Buchholz and present his testimony at trial; and, in any event, (4) the evidence was not material to the outcome. (Docket No. 383, pp. 17-27.)

Petitioner now contends that the Court failed to take into account that Buchholz "confessed at least three times, at least once to Police Chief Love and *twice* to Officer Christian." (Docket No. 389, p. 8.) (Emphasis in original.) This argument does not change the Court's decision in any respect.

**ORDER - 3**

Defense counsel was well aware of Buchholz's detailed statements to Deputy Christian and the circumstances under which he made his statements. The State simply did not suppress these facts. The only information that it arguably may not have disclosed was that when Buchholz was arrested on that same evening he told Chief Love that he was "the one who killed the girl at the Mini Barn."

Under some circumstances, the sheer number of times that a third party has confessed may tend to make the core confession more reliable, especially when the third party has independently confessed to different individuals over the course of time. *See, e.g., Chambers v. Mississippi*, 410 U.S. 284, 300-01 (1973). But here Buchholz's "confessions" were all part of a single drunken episode that took place on the same evening and were apparently motivated by a foolish impulse to encourage police officers to pin what he perceived to be more unfounded charges on him. Buchholz recanted his statements once he was sober, and the police cleared him after an investigation. The fact that he may have made similar statements to two police officers during the process of his arrest and brief detention does not have nearly the same probative force as a third party admitting his guilt deliberately and soberly to different individuals on different occasions. This is particularly the case in light of the wealth of other evidence that undermined the reliability and trustworthiness of Buchholz's claim of responsibility for Baldwin's murder.

This analysis holds true with respect to Petitioner's claim that the exclusion of Deputy Christian's testimony violated his right to present evidence in support of his defense (Claim 27). The fact that Buchholz also told the arresting officer that he killed the girl at the Mini

**ORDER - 4**

Barn does not establish that the trial court mechanistically applied Idaho's hearsay rules to exclude Deputy Christian's testimony, nor does it tend to weaken the trial court's determination that the proffered hearsay was untrustworthy under the totality of the facts and circumstances.

Therefore, Petitioner has not shown that the Court should alter or amend its decision with respect to Claims 2 or 27.

### 2. The "Previously Convicted of Another Murder" Aggravator

Next, Petitioner seeks reconsideration of the Court's decision to deny relief on his claim that the "previously convicted of another murder" statutory aggravating circumstance was unconstitutionally vague (Claim 9). Relying in part on *Pizzuto v. Arave*, 280 F.3d 949, 970-71 (9th Cir. 2001), the Court determined that "even if this aggravator was eliminated from consideration, the result would be the same, and any error would be harmless." (Docket No. 383, p. 53.) Petitioner argues that *Pizzuto* was wrongly decided, but this Court has no authority to overrule the Ninth Circuit.

### 3. Jury Sentencing

In his twenty-first ground for relief, Petitioner had originally contended that the State's failure to apply the jury trial provisions of its own constitution and statutes to his capital sentencing proceeding violated his equal protection and due process rights under the Fourteenth Amendment. (Docket No. 123, pp. 31-32.) In its Memorandum Decision of April 10, 1997, the Court dismissed this claim both as procedurally defaulted and lacking in merit under *Jeffers v. Lewis*, 38 F.3d 411, 419 (9th Cir. 1994). (Docket No. 149, pp. 16-17,

**ORDER - 5**

41.)

The Court later allowed Petitioner to amend Claim 21 to allege that the Sixth Amendment required a jury, rather than a judge, to determine the facts that increased his maximum punishment from life imprisonment to death. (Docket No. 268, pp. 11-12.) At the time, this legal theory was based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), but the Supreme Court later extended the rule from *Apprendi* to capital sentencing proceedings in *Ring v. Arizona*, 536 U.S. 584 (2002). The amendment of Claim 21 did not change this Court's conclusion with respect to the due process and equal protection bases for the claim. (Docket No. 268, p. 11.)

Although Petitioner correctly notes that the Court has not expressly addressed the Sixth Amendment issue, habeas relief on such a theory has since been foreclosed by *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004), which held that *Ring* is not retroactive on collateral review to cases that were final before it was issued. Petitioner's case became final long before *Ring* was announced. Thus, there is no need for the Court to alter, amend, or reconsider its judgment on this ground.

**ORDER - 6**

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Alter or Amend Memorandum Decision and Order and Judgment (Docket No. 385), and Petitioner's Motion to Reconsider Procedural Default Order (Docket No. 387), are DENIED.

IT IS FURTHER ORDERED that if Petitioner intends to appeal, he must file a motion for a certificate of appealability (COA), listing the specific claims and issues that he wishes to appeal, no later than when he files his notice of appeal. The Court is familiar with the legal standards governing the issuance of a COA, and it generally finds lengthy briefing at the COA phase of a habeas case to be largely repetitive of prior briefing, but Petitioner may, at his option, file a short brief or memorandum simultaneously with his motion for a COA. Respondent's response must be filed within fourteen days of receiving a motion. No reply brief shall be filed. <u>The Court will not grant any extensions of time for the submission of briefing or memoranda</u>.

DATED: **August 14, 2007**

<u>Honor</u>able Edward J. Lodge
U. S. District Judge

**ORDER - 7**