IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| PAUL EZRA RHOADES, | ) | |
| | ) | Case No. CV 93-0155-S-EJL |
| Petitioner, | ) | (Bingham County) |
| | ) | |
| v. | ) | **CAPITAL CASE** |
| | ) | |
| A.J. ARAVE, Warden, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On May 24, 2007, the Court entered final judgment in this capital habeas matter and dismissed the case with prejudice. (Docket No. 384.) The Court subsequently denied Petitioner's motions to reconsider the procedural default order and to alter or amend the judgment. (Docket No. 408.) He has now filed a notice of appeal and a motion for a certificate of appealability. (Docket Nos. 412, 413.)

## THE NOTICE OF APPEAL IS TIMELY

Initially, Respondent contends that this Court is without jurisdiction to rule on Petitioner's motion for a certificate of appealability because the notice of appeal was allegedly filed one day late. (Docket No. 417, pp. 4-5.) This argument is without merit.

Because this is a civil case, Petitioner had thirty days in which to file a notice of appeal after "entry" of the order denying his motion to alter or amend the judgment. Fed. R. App. P. 4(a)(1)(A), (D)(iv). "Entry" of such an order occurs when the "order is entered in the civil docket under Federal Rule of Civil Procedure 79(a)." Fed. R. App. P. 4(a)(7). Rule

**ORDER - 1**

79(a) simply requires the clerk to keep a separate civil docket to record a district court's orders and judgments.

Although this Court signed its order disposing of Petitioner's motion to alter or amend on August 14, 2007, the deputy clerk entered the order on the civil docket the next day, August 15. (Docket No. 408, Receipt of Notice of Electronic Filing.) Petitioner filed his notice of appeal on September 14, 2007, the thirtieth day after the order was entered. Therefore, the notice of appeal is timely.

## CERTIFICATE OF APPEALABILITY

1. <u>Legal Standards</u>

A petitioner cannot appeal from the denial or dismissal of a habeas petition unless he has first obtained a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This determination must be made on an issue-by-issue basis. 28 U.S.C. § 2253(c)(3); *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999).

To satisfy the COA standard when a district court has dismissed claims on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling, and (2) whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a court has denied claims on the merits, the petitioner must show that reasonable jurists would find the court's assessment of the merits debatable, or that the issues deserve

**ORDER - 2**

encouragement to proceed further. *Id.*

The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail. *Miller-El*, 537 U.S. at 336. In a capital case, "the nature of the penalty is a proper consideration in determining whether to issue a certificate of appealability." *Petrocelli v. Angelone*, 248 F.3d 877, 884 (2001) (citation omitted). Any doubts must be resolved in the petitioner's favor. *Id.*

2.   Discussion

Petitioner seeks a COA over "each claim he has raised in these habeas proceedings which the Court has either dismissed as procedurally defaulted or dismissed on the merits. He also seeks a COA on the Court's denial of an evidentiary hearing." (Docket No. 415.)

After carefully reviewing the record and the parties' arguments, and mindful that this is a capital case, the Court concludes that Petitioner may appeal from the denial of relief on the merits of any or all of the following claims: 2 (*Brady* violations), 3 (reasonable doubt/presumption of innocence instructions), 5 (admission of the "I did it" statements), 7 (constitutional challenge to Idaho Code § 19-2719, but excluding the claim of ineffective assistance of counsel), 8 (victim impact evidence),[1] 15-17 (constitutional challenges to the death sentence for kidnapping), 23 (ineffective assistance of counsel–but limited to subparts

---

[1] The Court is not necessarily convinced that Petitioner's legal argument regarding harmless and structural error is debatable, but it does find the comments from the victim's family urging a death sentence to be sufficiently clear to at least warrant review by the appellate court. This does not hold true in the Bonneville County capital habeas matter, CV 93-156-S-EJL, which contained a more oblique reference to the death penalty from the victim's husband.

**ORDER - 3**

ix (failure to preserve work product), x (related to Deputy Christian's testimony), xiii (mitigation investigation), xvi (Buchholz confession), xviii (failure to appeal the exclusion of Deputy Christian's testimony), xxiii (failure to argue death penalty for kidnapping was unconstitutional)), and 27 (denial of the right to present evidence in support of the theory of defense). Petitioner may also appeal from the Court's decision to deny an evidentiary hearing on Claims 2, 5, and those subparts of Claim 23 noted above. (Docket Nos. 167, 312, 383.) While the Court believes that it is unlikely that Petitioner will ultimately prevail on these issues, it does not find that they are so deficient that he should be deprived of an opportunity to convince the appellate court of their merit.

No other claims or issues will be included in the certificate of appealability, and only of few of those matters warrant additional comment here.

The Court is not persuaded that its denial of relief on the merits of Claim 1–the jury bias claim–would be subject to reasonable debate. The state trial court simply did not make any findings of fact or assumptions regarding the content of what Juror Webster might have said to Juror Hinrichs. Furthermore, the trial court conducted a reasonable investigation into the matter, and its determination that Jurors Webster and Hinrichs could remain fair and impartial is a factual finding that is supported by the record.

Nor does the Court find Petitioner to have made a substantial showing of the denial of a constitutional right in Claims 9-12, in which he challenges the application of various statutory aggravating factors from Idaho Code § 19-2515. First, in *Leavitt v. Arave*, 383 F.3d 809 (9th Cir. 2004), the Ninth Circuit upheld Idaho's especially heinous, atrocious, and cruel

**ORDER - 4**

aggravating circumstance (HAC) against a vagueness challenge, and that issue is now settled. Petitioner has also not shown that this Court's decision that the evidence was sufficient as a constitutional matter to support the HAC and "utter disregard" aggravators could be subject to a difference of judicial opinion, given the lenient standard of review applied to such claims and the strength of the evidence in this case. And regardless whether reasonable jurists could perhaps debate whether the "previously convicted of another murder" factor is vague or overbroad, the trial court eventually indicated that it had weighed all of the mitigating evidence against each aggravator individually, and because other valid aggravators existed in this case any error would be harmless under *Pizzuto v. Arave*, 280 F.3d 949, 970 (9th Cir. 2002), and *Hoffman v. Arave*, 236 F.3d 523, 541-42 (9th Cir. 2001).

Finally, the COA will not include the Court's dismissal of several claims in this case as procedurally defaulted (Docket No. 149). In particular, Petitioner has not convinced the Court that reasonable jurists would debate whether the holding of *Beam v. Paskett*, 3 F.3d 1301 (9th Cir. 1993) should be extended to save from default previously unraised claims of trial error, non-capital sentencing error, or error that allegedly occurred during the direct appeal itself. (Docket No. 415, pp. 12-13, 16, 22, 29-31, 35-39.) Moreover, though the Court dismissed Claims 14, 19, 20, 21, 22, 24, and 26 as procedurally defaulted, it also concluded that those claims were either not cognizable in a federal habeas proceeding or were otherwise lacking in merit. (Docket No. 149, p. 41.) The Court finds its reasoning with respect to the dismissal of those claims to be well-supported and not reasonably debatable.

Accordingly, the Court will issue a certificate of appealability consistent with this

**ORDER - 5**

opinion.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for Certificate of Appealability (Docket No. 413) is GRANTED in part and DENIED in part. The Court issues a certificate of appealability over its denial on the merits of the following claims for relief: 2, 3, 5, 7 (as limited), 8, 15, 16, 17, 23 (limited to subparts ix, x, xiii, xvi, xviii, and xxiii), and 27. Petitioner may also appeal from the Court's decision to deny an evidentiary hearing on Claims 2, 5, and those subparts of Claim 23 noted above. No other decisions, orders, or issues will be included within the certificate of appealability, but Petitioner may seek to expand the certificate in accordance with Ninth Circuit Rule 22-1.

IT IS FURTHER ORDERED that the Clerk of Court shall forward the necessary paperwork to the Ninth Circuit Court of Appeals for the docketing of an appeal in a civil case.

DATED: **October 29, 2007**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER - 6**